UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DURGA PRASAD KOMMA and
MOUNIKA NARISETTY,

        Plaintiffs,

      v.

JOSEPH B. EDLOW IN HIS OFFICIAL
CAPACITY AS DIRECTOR USCIS, et al,

        Defendants.

No.  2:25-cv-3702 DJC AC PS

FINDINGS AND RECOMMENDATIONS

Plaintiffs paid the filing fee and are proceeding in this matter pro se; pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Defendants filed a motion to dismiss.  ECF No. 6.  Plaintiffs opposed the motion (ECF No. 11) and defendants replied (ECF No. 12).  Because defendants included new information and a declaration in their reply brief, the court gave plaintiffs an opportunity to file a surreply and took the motion under submission.  ECF No. 14.  Plaintiffs submitted a surreply.  ECF No. 15.  Having considered all of the briefing in full, the undersigned recommends that defendants' motion to dismiss (ECF No. 6) be GRANTED.

## I.  Background

### A.    The Complaint

Plaintiffs are citizens and nationals of India.  ECF No.1 at 3.  Plaintiff Durga Prasad

1

Komma filed a Form I-526E, Immigration Petition by Regional Center Investor, on March 31, 2025, based on an investment of capital in a rural project, pursuant to 8 U.S.C. § 1153(b)(5). Id. Plaintiff Mounika Narisetty filed a Form I-526E, Immigrant Petition by Regional Center Investor, on January 17, 2025, based on an investment of capital in a rural project. An I-526E is a petition filed with USCIS to demonstrate that the investment of $800,000 (or more) in a specific Regional Center project complies with EB-5 requirements and will create 10 or more jobs, in order to obtain a visa. Da Costa v. Immigr. Inv. Program Off., 80 F.4th 330, 335 (D.C. Cir. 2023).

Both plaintiffs also filed a Form I-485, Application to Register Permanent Residence or Adjust Status, seeking an adjustment in status. Id. at 3-4. An I-485 is filed with USCIS by an individual already in the U.S. to adjust a non-immigrant status to conditional permanent resident status. Plaintiffs allege that the statutory prerequisites for adjustment (admission/parole, eligibility for an immigrant visa, and visa availability) are fully satisfied. Id. at 4. Despite meeting all statutory and regulatory requirements and submitting all required biometrics, documentation, and fees, plaintiffs' forms I-485 have remained unadjudicated for what plaintiffs allege is an unreasonable period of time, well beyond the processing targets articulated by statute and agency guidance. Id. at 4.

Plaintiffs alleges that defendants have violated the Administrative Procedures Act, which requires agencies to conclude matters presented to them "within a reasonable time," and assert that action "unreasonably delayed" or "unlawfully withheld" can be compelled by a court under 5 U.S.C. §555(b) and §706(1). Id. at 2.[1] Plaintiffs argue that USCIS has a clear, non-discretionary duty to adjudicate Form I-485 applications. Id. Plaintiffs contend the delay in adjudicating their I-485 petitions has caused significant harm, including restrictions on employment and travel. Id. at 3. They ask the court to issue a writ of mandamus compelling USCIS to promptly adjudicate their pending Form I-485 petitions, and order other such relief the court deems proper. Id.

////

---

[1] The cited sections of the APA work together: § 555(b) establishes a general requirement that agencies must act within a reasonable time, and §706(1) gives courts the authority to enforce that duty.

2

A. Motion to Dismiss for Lack of Jurisdiction

Defendants argue the court must "dismiss this case for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) because courts lack jurisdiction to compel the adjudication of I-485 adjustment applications under 8 U.S.C. § 1252(a)(2)(B)(ii)." ECF No. 6 at 2. Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377–78 (1994). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is a jurisdictional attack and may be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, in a factual attack, the challenger provides evidence that an alleged fact is false resulting in a lack of subject matter jurisdiction. Id. In these circumstances, the allegations are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

In this case, defendants have mounted a "facial" attack. ECF No. 6 at 3. The district court resolves a facial attack as it would resolve a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted). The burden is on the party asserting federal jurisdiction (in this case, plaintiffs) to establish that the court has subject matter jurisdiction over an action. See Assoc. of Am. Medical Colleges v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).

B. The Court Has Jurisdiction to Consider the Complaint

Plaintiffs assert federal jurisdiction under the Administrative Procedures Act and the Mandamus Act. ECF No. 1 at 4-5. The statute codifying the common law "writ of mandamus," 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action

3

in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." See Heckler v. Ringer, 466 U.S. 602, 616 (1984). "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) *no other adequate remedy is available*." Grondal v. United States, 37 F.4th 610, 620 (9th Cir. 2022) (quoting Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003)) (emphasis added). "Because 'mandamus relief and relief under the APA are "in essence" the same,' when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [a court] may elect to analyze the APA claim only." Vaz v. Neal, 33 F.4th 1131, 1135 (9th Cir. 2022) (quoting R.T. Vanderbilt Co. v. Babbitt, 113 F.3d 1061, 1065 (9th Cir. 1997)). Here, plaintiffs seek the same relief under both of their claims. Accordingly, because there is an adequate remedy under the APA, the court analyzes plaintiffs' claims under the APA only.

Under § 706(1) of the APA, courts are authorized to "compel agency action ... unreasonably delayed." 5 U.S.C. § 706(1). Not all agency actions are subject to judicial review under the APA. See 5 U.S.C. § 701(a)(1) ("This chapter applies, according to the provisions thereof, except to the extent that—(1) statutes preclude judicial review or (2) agency action is committed to agency discretion by law."). To invoke the APA to allege that an agency has unlawfully withheld action requires that "a plaintiff assert[] that an agency failed to take a *discrete* agency action that it is *required to take*." Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004) (emphasis in original). A "court can compel agency action . . . only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." Viet. Veterans of Am. v. Cent. Intel. Agency, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting id. at 63–64). Accordingly, "for a claim of unreasonable delay to survive, the agency must have a statutory duty in the first place." San Francisco BayKeeper v. Whitman, 297 F.3d 877, 885 (9th Cir. 2002).

Defendants argue that "judicial review concerning the pace of adjudication of Plaintiffs' Form I-485 is not permitted under the APA because review is precluded both by the Immigration

4

and Nationality Act and since adjudication is committed to USCIS's discretion."  ECF No. 12 at 2.  This court has rejected both of these arguments before and does so again here.  Indeed, "many courts in the Ninth Circuit have determined . . . that federal courts have jurisdiction to review the government's failure to adjudicate a status adjustment application."  Khan v. Johnson, 65 F. Supp. 3d 918, 924–25 (C.D. Cal. 2014).  As to defendants' argument that the absence of a strict timetable for adjudication of an I-485 application renders their obligations discretionary and therefore not enforceable under the APA, "the majority of district courts within this circuit that the government has a non-discretionary duty to adjudicate such a petition within a reasonable period of time, and that to hold otherwise would be to sanction the perpetual delay of governmental obligations that are clearly mandated by law."  Id. at 925 (internal citations omitted).

Defendants' argument that the Immigration and Nationality Act precludes review is likewise unpersuasive.  The Act at § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B)(ii).  Defendants argue that the use of discretionary terms in this section triggers a jurisdictional bar because there is no mandatory act to enforce under the APA.  ECF No. 6 at 5-6.  Again, plaintiffs are not asking the court to review a final decision of the Agency, and while the Agency's "duty to *grant* an adjusted status is discretionary, its duty to *process* I-485 applications under § 1255 is non-discretionary."  Xin Liu v. Chertoff, No. S 06-2808 RRB-EFB, 2007 WL 2433337, at *3 (E.D. Cal. Aug. 22, 2007) (finding jurisdiction to adjudicate a delay in processing I-485 applications) (emphasis added).  The undersigned concludes, in line with other courts in this district, that "while Defendants have the discretion to grant or deny Plaintiff's I-485 Application, they have a mandatory duty to act upon it 'within a reasonable time'" and the court has jurisdiction to consider whether or not the government met its mandatory duty.  Gao v. Mullin, No. 25-CV-01479-SVK, 2026 WL 948665, at *5 (N.D. Cal. Apr. 8, 2026).

////

5

C.  Dismissal is Appropriate Because Delay is Not Unreasonable

Having found that the court has jurisdiction to consider plaintiffs' claims, the undersigned nonetheless concludes that dismissal is appropriate because it is clear on the face of the complaint that there has not, to date, been a violation of the Administrative Procedures Act.[2]  A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  Such a motion may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).  A complaint must present factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 (2007).  Specifically, the factual allegations must suffice to state a claim that is "plausible on its face," that is, "plausibly suggesting (not merely consistent with)" a right to relief.  Id. at 557, 570.

With respect to cases alleging unreasonable delay in processing immigration applications, courts in the Ninth Circuit apply a six-factor test for determining when an agency delay is unreasonable.  These are known as "the 'TRAC factors,' which are named after the case in which they originated, Telecommunications Research & Action v. FCC (TRAC), 750 F.2d 70, 80 (D.C.Cir.1984)."  Khan v. Johnson, 65 F. Supp. 3d 918, 928 (C.D. Cal. 2014).  The six factors that the court must balance are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

---

[2]  Defendants assert this basis for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), though it would have more appropriately been raised as a challenge to the complaint on 12(b)(6) grounds.  See, Gao v. Mullin, et al., No. 25-CV-01479-SVK, 2026 WL 948665, at *5, n.7 (N.D. Cal. Apr. 8, 2026).  Because the issue was fully briefed by both parties (see plaintiffs' opposition to the motion to dismiss, ECF No. 11 at 9-10), in the interest of justice and judicial economy the court interprets defendants' motion to dismiss for legal insufficiency of the complaint as a motion under Fed. R. Civ. P. 12(b)(6).

6

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Id. at 928.

1.  Fist Factor: Rule of Reason

The first TRAC factor requires that the time an agency takes to make a decision be guided by a "rule of reason." Brower v. Evans, 257 F.3d 1058, 1068 (9th Cir. 2001). Defendants state that employment-based immigration applications such as the applications at issue here are decided in the order they are received. ECF No. 12 at 6. "A first-in, first-out (FIFO) procedure for processing applications can constitute a rule of reason." Varniab v. Edlow, No. 25-CV-10602-SVK, 2026 WL 485490, at *13 (N.D. Cal. Feb. 20, 2026). Plaintiff Komma put his application in the queue on March 31, 2025, and plaintiff Narisetty put hers in the queue on January 17, 2025. ECF No. 1 at 3-4. Defendants submitted a declaration from Colin Boatright, Section Chief of USCIS, stating that as of March 20, 2206, the processing center had approximately 24,265 (20,584 based on approved 14 I-526E) employment-based I-485 applications pending before it, and approximately 3,737 (1,091 based on 15 approved I-526E), were filed before plaintiffs' I-485 applications. ECF No. 12-1 at 4. According to Boatright, the average processing speed for applications at the time the declaration was filed was 32 months. Id. The court finds that this factor favors defendants; the FIFO processing method is a reasonable one, and plaintiffs' applications are still within the average processing time.

2.  Second Factor: Statutory Timetable

"The lack of a specific timetable does not mean that USCIS can take an infinite amount of time to process Plaintiff's adjustment of status application." Kashkool v. Chertoff, 553 F. Supp. 2d 1131, 1144 (D. Ariz. 2008). "Congress sets a normative expectation and standard in 'The

7

Immigration Services and Infrastructure Improvements Act of 2000 Immigration Services and Infrastructure Improvements Act of 2000' of a reasonable processing time for an immigrant benefit application as no more than 180 days after initial application." Liu, 2007 WL 2435157, * 9 (citing 8 U.S.C. § 1571 which provides "It is the sense of Congress that the processing of an immigrant benefit application should be completed not later than 180 days after the initial filing of the application...."). See also, Konchitsky v. Chertoff, 2007 WL 2070325, * 4 (N.D.Cal.2007) (citing 8 U.S.C. § 1571); Abbasfar v. Chertoff, No. C07–1155–PVT, 2007 WL 2409538, * 3 (N.C.Cal.2007) ("8 U.S.C. § 1571 provides a meaningful standard for the pace of adjudication of adjustment of status applications."). Congress also requires the Attorney General to "take such measures as may be necessary to ... reduce the backlog in the processing of immigration benefit applications, with the objective of the total elimination of the backlog not later than one year after the enactment of this Act." 8 U.S.C. § 1573.11. Plaintiffs' applications have now been pending for over a year each, longer than the 180–day standard set forth in 8 U.S.C. § 1571(b). ECF No. 1 at 3-4. This factor favors plaintiffs.

   3.   Third and Fifth TRAC Factors

"The third and fifth TRAC factors overlap and are often addressed together." Varnib, 2026 WL 485490, at *13. In general, delay in processing immigration status change applications affect health and welfare interests. Id. The ability to obtain permanent resident status, by way of Form I-485 applications "affects a wide range of important rights, including but not limited to travel and the ability [to] petition to immigrate close family members" and also impacts such applicants' "ability to seek United States citizenship and all the rights and privileges attendant thereto." Singh v. Still, 470 F. Supp. 2d 1064, 1069 (N.D. Cal. 2007). Such prejudice is "substantial." Id. at 1071. However, some courts in this district have found this factor favors defendants unless plaintiffs can show greater harm than the "general harm experienced by all [ ] applicants." Kullab v. U.S. Dep't of Homeland Security, No. 24-cv-04140-WHO, 2025 WL 901943, at *7 (N.D. Cal. Mar. 25, 2025).

Here, plaintiffs assert they "face restricted travel, limited employment mobility, in ability to plan for their futures, and the emotional toll of indefinite limbo – all while their $800,000

8

investments remain at risk." ECF No. 11 at 10. Defendants contend that USCIS has approved plaintiffs' I-131 applications (Application for Travel Documents, Parole Documents, and Arrival/Departure Records), which mitigates health and welfare related harm. ECF No. 12 at 8. Plaintiffs argue that, particularly in the current political climate, they are deterred from making multiple international trips to see family members with medical conditions who remain abroad because even with I-131 approvals, they have no guaranteed right of reentry. ECF No. 15 at 6. While any delay is understandably frustrating, the undersigned finds that plaintiffs have not identified harm beyond the general harm experienced by all applicants facing processing delays. Plaintiffs are able to remain in the country and are able to work, and while they may be understandably hesitant to travel internationally, they are able to do so. This factor weights in favor of defendants.

4.   Fourth Factor: Effect of Expediting Delayed Action

Under the fourth TRAC factor, "the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority." TRAC, 750 F.2d at 80. This factor considers "whether compelling the agency to act would detract from its higher or competing priorities." Vaz, 33 F.4th at 1138. Under this factor, courts have "refused to grant relief, even though all the other factors considered in TRAC favored it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1102 (D.C. Cir. 2003) (cleaned up). Here, defendants have submitted a declaration attesting that applications are processed on a FIFO basis. Though plaintiffs argue that this is not the case, there is no indication that expediting plaintiffs' applications would do anything other than move them to the front of the line, while moving others one step back. This is particularly true considering the relatively short delay plaintiffs have experienced. This factor favors defendants.

5.   Sixth Factor: Bad Faith

The final TRAC factor focuses "not on the delay itself, but whether the reason behind the delay is improper (e.g., intentional, motivated by animus.)" Infracost Inc. v. Blinken, 732 F. Supp. 3d 1240, 1257 (S.D. Cal. 2024) (citation omitted). Failure to demonstrate bad faith does

9

not weigh against plaintiffs but instead weights neutrally.  Id.  Plaintiffs allege bad faith because USCIS has voluntarily reduced its workforce, diverted resources from adjudication to enforcement, and adopted policies that cause processing delays.  ECF No. 11 at 10.  Plaintiffs do not, however, identify any particular bad faith with respect to their own applications.  Accordingly, the undersigned finds this factor weighs neutrally

In conclusion, the TRAC factors favor dismissal because as a matter of law, plaintiffs have not suffered a delay that constitutes a violation of the Administrative Procedures Act.  This finding does not mean that plaintiffs will never be able to make such a showing.  In dismissing cases for insufficient delay under the TRAC factors, courts in this circuit have explained that while a delay might be reasonable at a given point in time, there may come a point where continued delay beccomes unreasonable.  Islam v. Heinauer, 32 F. Supp. 3d 1063, 1070–71 (N.D. Cal. 2014).  For that reason, the court recommends dismissing this case without prejudice.

### III.    Leave to Amend Is Not Appropriate

Leave to amend is not appropriate in this case.  Ordinarily, pro se litigants are granted liberal leave to amend.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  Here, given the defects described above, the undersigned finds that leave to amend would be futile and should therefore not be granted.

### IV.    Pro Se Plaintiffs' Summary

The Magistrate Judge is recommending that your case be dismissed because the delay in processing your status adjustment applications has not been legally unreasonable.  It is recommended that denial be without prejudice.  If you disagree with these recommendations, you may file objections within 21 days.  The District Judge will make the final decision.

### V.  Conclusion

Accordingly, the undersigned recommends that defendants' motion to dismiss (ECF No. 6 be GRANTED and that this case be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 23, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE